IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 2, 2019

**WILLIE MORGAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 13-06170    James M. Lammey, Judge
_____

**No. W2018-01833-CCA-R3-PC**
_____

Over three years ago, Petitioner, Willie Morgan, was convicted by a jury of aggravated robbery and sentenced to eleven years in incarceration. His direct appeal was unsuccessful. *State v. Willie Morgan*, No. W2016-01445-CCA-R3-CD, 2017 WL 1380005, at *1 (Tenn. Crim. App. Apr. 13, 2017), *no perm. app. filed*. Petitioner sought post-conviction relief, arguing in his petition that he received ineffective assistance of counsel. The post-conviction court denied relief after an evidentiary hearing. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Terrell Tooten, Cordova, Tennessee, for the appellant, Willie Morgan.

Herbert H. Slatery III, Attorney General and Reporter; Katherine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted by a jury of aggravated robbery. *Id.* at *1. At trial, the victim testified that he withdrew nearly $10,000 to purchase one or two homes to "flip" for profit and that he was robbed of the cash by Petitioner and a co-defendant at gunpoint. *Id.* at *2. On direct appeal, Petitioner challenged the sufficiency of the convicting evidence as well as the exclusion of evidence about whether the victim sought money

from the Victim's Compensation Fund. *Id.* This Court affirmed Petitioner's conviction. *Id.* at *4.

Petitioner filed a timely pro se petition for post-conviction relief alleging ineffective assistance of counsel. Counsel was appointed and an amended petition was filed. Specifically, Petitioner alleged that trial counsel did not adequately pursue introduction of evidence of the victim's reimbursement from the Victim's Compensation Fund and failed to adequately cross-examine the victim to expose inconsistencies in the victim's testimony.

At the hearing on the petition for relief, trial counsel testified that at the time he represented Petitioner, he had been employed by the Public Defender's office for six or seven years and had been responsible for defending felony cases for at least three of those years. Trial counsel recalled that he had represented defendants in at least six criminal trials at the time he was appointed to represent Petitioner.

According to trial counsel, the initial strategy at trial was to show that the victim was actually purchasing a large quantity of fake drugs from Petitioner and that no robbery actually occurred. When trial counsel learned that the victim was actually purchasing real estate in the area, the trial strategy changed. Trial counsel attempted to attack the credibility of the victim by pointing out inconsistencies in his testimony. Specifically, trial counsel recalled that he questioned the victim about his claim that he withdrew $10,000 in cash from the credit union on the day of the robbery. The robbery occurred on a Sunday, and the bank was not open. Trial counsel made the strategic decision not to pursue a line of questioning about the real estate transaction because trial counsel was aware that the victim had actually purchased real estate in the area near the location where the robbery occurred. Trial counsel explained that he sought to attack the victim's credibility by asking him about his attempt to obtain compensation from the Victim's Compensation Fund. Trial Counsel did not pursue this line of questioning or make an offer of proof because he did not think he had a good-faith basis for questioning the victim about the fund. Trial Counsel had no actual knowledge that the victim was even aware that the fund existed. Trial counsel admitted that he did not make an offer of proof after the trial court prohibited questions about the fund because he did not have any proof to offer that would have helped Petitioner's defense. Trial counsel admitted that he did not question the victim about failing to appear at an earlier setting of the trial. He explained he made the decision not to pursue this line of questioning because he had no idea why the victim did not appear at the trial. Trial counsel explained that he could not "read the guy's mind" and did not want to question the victim about something that could potentially damage Petitioner's case.

Petitioner, on the other hand, testified there were "certain things [trial counsel] did just prior up to me [sic] going to trial that [he] wanted to bring up." Petitioner felt like

trial counsel was "inconsistent" on Petitioner's part. Petitioner claimed that trial counsel was not focused on the charges for which he was on trial but instead was focused on a murder charge that the codefendant "caught prior to this charge." According to Petitioner, trial counsel was trying to get him to testify against the codefendant or give information about another person involved in the murder in order to secure a deal from the State on the aggravated robbery case. Petitioner explained that he did not want to try to get a deal by testifying against his codefendant because he wanted the "real story" to come out - that he, Petitioner, sold drugs to the victim and that there was "no robbery." Petitioner insisted that the victim was "screaming" robbery because Petitioner "sold him some fake drugs."

Petitioner claimed that he wanted to testify at his own trial but declined to do so because trial counsel did not want him to testify. However, Petitioner admitted that the trial court questioned him about his decision and that he informed the trial court that he was not going to testify. Petitioner was aware that his prior felony reckless endangerment conviction and federal felon in possession of a firearm conviction would be an issue if he would have testified. However, Petitioner repeatedly insisted that the jury would have believed his story about the fake drug sale if he had only been able to testify.

At the conclusion of the hearing, the post-conviction court found that the "only thing of any consequence is [trial counsel's] not offering or making an offer of proof as to the Victim's Compensation [Fund]." However, the court noted that trial counsel wanted to introduce evidence about the Victim's Compensation Fund, and it was brought to the court's attention during trial that the victim did not receive anything from the fund. The post-conviction court determined that the victim did not actually receive anything from the Victim's Compensation Fund. Further, the post-conviction court concluded an offer of proof would have "caused a lot more speculation and it would have been grossly unfair to that victim because it would allow the Jury to speculate [about why the victim did not receive any money]." The post-conviction court did not know what other offer of proof could have been made by trial counsel that would have benefitted Petitioner's case. The post-conviction court determined that Petitioner could have testified but found his story about the "drug deal gone bad" entirely "incredulous" and not "believable at all." The post-conviction court commented that neither Petitioner nor the codefendant testified at trial and that it made "no sense . . . that a defense attorney, after already telling a Jury what they expect to hear about a drug deal gone bad, would encourage his client not to testify to undercut their story." The record is clear that the post-conviction court did not believe Petitioner's claim that "the reason why he didn't testify is because his lawyer told him not to." The post-conviction court opined that Petitioner "had an opportunity to testify and didn't"; therefore, it "wasn't [trial counsel's] fault." The post-conviction court told post-conviction counsel that he did not believe Petitioner and thought that trial counsel "did the best that he could under the circumstances." The post-conviction court

concluded that there was no prejudice to Petitioner. As a result, the post-conviction court denied the petition for relief.

*Analysis*

On appeal, Petitioner contends that the post-conviction court improperly denied the petition for post-conviction relief because trial counsel did not effectively pursue the inconsistencies in the victim's testimony which prohibited him from properly cross-examining the State's witnesses. The State insists that the post-conviction court properly denied the petition for relief.

*I. Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner]

makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Burns*, 6 S.W.3d at 462; *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In order to determine prejudice, the question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* (quoting *Strickland*, 466 U.S. at 691).

Here, Petitioner did not present any proof, other than his own testimony, to establish how an offer of proof would have assisted his case at trial. Specifically, Petitioner did not present any testimony from the victim or another person with regard to the Victim's Compensation Fund or the victim's failure to appear at a prior trial setting. "When a petitioner contends that trial counsel failed to . . . present witnesses in support of his defense, these witnesses should be presented by the petitioner at the [post-conviction] evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Moreover, trial counsel testified that he did not have any information that the victim was actually aware of or received funds from the Victim's Compensation Fund, and trial counsel's testimony was accredited by the post-conviction court. The post-conviction court is charged with assessing the credibility of the witnesses. *Honeycutt*, 54 S.W.3d at 766-67. The post-conviction court herein found Petitioner's testimony unbelievable. Thus, Petitioner failed to put forth clear and convincing evidence to demonstrate that

counsel was ineffective.  Additionally, with regard to the real estate transactions, trial counsel testified that it was a tactical decision not to further question the victim because the State possessed documentation corroborating the real estate transactions.  Trial counsel did not want to pursue this line of questioning that could have potentially destroyed any chance that the jury would accept the defense theory that the incident was merely a drug deal gone wrong.  Instead, trial counsel chose to focus on inconsistencies in the victim's testimony.  This Court will not second-guess a reasonable trial strategy made after adequate preparation. *See Adkins*, 911 S.W.2d at 347; *Cooper*, 847 S.W.2d at 528; *Williams*, 599 S.W.2d at 279-80.  Petitioner failed to establish that trial counsel was ineffective in his cross-examination of the victim.

Petitioner failed to establish either deficient performance or prejudice with regard to any of his allegations of ineffective assistance of counsel.  Therefore, the post-conviction court properly denied post-conviction relief.  Consequently, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE